■ In the Matter of the REPORT OF THE MAY, 1981 GRAND JURY OF THE SUPREME COURT OF THE COUNTY OF RENSSELAER. — Appeal from an order of the Supreme Court at Special Term (Conway, J.), entered July 15, 1981 in Rensselaer County, which sealed the report of the May, 1981 Rensselaer County Grand Jury. The Grand Jury impaneled for the May-June, 1981 Term of the Supreme Court of Rensselaer County commenced an investigation into the unauthorized expenditures of the United States Department of Housing and Urban Development funds, in the latter part of 1979 and early part of 1980, in connection with the 504 Grand Street project in the City of Troy. The funds, in the form of two checks, one in the amount of $7,982.54 and the other in the amount of $5,000, were advanced to the owner and/or her contractor for renovation of her residence by the City of Troy Department of Planning and Community Development, which administered those funds. The investigation

centered on the fact that the work performed by the contractor had not progressed to the point of warranting the advance of such sums by the officials of that department, who authorized them. Having found no evidence sufficient for indictments, the Grand Jury filed a report pursuant to CPL 190.85 (subd 1, par [a]), accusing certain officials of misconduct, nonfeasance, and neglect in public office as the basis for a recommendation of removal or disciplinary action. Special Term found, and we agree, that the report was not supported by the preponderance of the credible and legally admissible evidence as required by CPL 190.85 (subd 2, par [a]), and was otherwise procedurally defective. Accordingly, Special Term sealed the report. There is no evidence to support the conclusion that the second of the afore-mentioned checks was issued prior to the inspection of the work by a designated official on February 6, 1980. On the contrary, it appears from the dates on the reverse side of the check that it was issued after the inspection of the work by a city department of planning employee on February 6, 1980. Furthermore, there is no evidence that the officials named in the report did any more than rely on the inspection of the work, which was made by a member of that department, whose opinion as to the work completed at the time of that inspection justified the issuance of the second advance payment. Such reliance does not constitute misconduct, nonfeasance or negligent performance of duty. The record is devoid of any proof that any of the named officials personally profited from such advances. Procedurally, the report does not reveal that it was approved by the necessary number of grand jurors, or that the same grand jurors participated in the two separate presentations of the evidence. Accordingly, the order of Special Term that the report be sealed was proper and should be affirmed. Order affirmed. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.